UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERTHONY DEBESTE,

Petitioner,

v.

Case No. 2:26-cv-2567-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

_______________________________/

**ORDER**

Petitioner Berthony Debeste is a citizen of Haiti currently detained by U.S. Immigration and Customs Enforcement ("ICE"). As best the Court can tell from the pro se petition, he claims that his detention violates the Immigration and Nationality Act and the Fifth Amendment. (Doc. 1.)[1] The Government opposes the petition. (Doc. 5.)

Debeste seems to suggest that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Debeste's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130,

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Debeste "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

As mentioned, Debeste has already received a bond hearing, which was denied. (*See* Doc. 5-1 at 5-6.) Thus, the Court finds that any request for a bond hearing is moot.

The Court does not otherwise have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Debeste has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See id.* § 1003.19(e).

Because Debeste has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on October 14, 2026.

Kyle C. Dudek
United States District Judge